## NASHVILLE, . . . . . DECEMBER TERM, 1875.

### G. M. Fogg, Adm'r. *v.* C. N. Gibbs, Ex'r.

Case in point:

Suit to revive two judgments rendered in 1838 and 1839. There had been an attempt to revive them in 1853. This suit to again revive was brought in 1871, and defendant pleaded: first, *nil tiel* record; second, ten years statute of limitations; third, accord and satisfaction; fourth, payment; fifth, *nil debit.*

1. PLEADING AND PRACTICE. *Revivor of judgment. Collateral attack not admissible.* In reviving a judgment of a court of general jurisdiction, where the record shows service of summons and trial by jury, the fact that no plea was filed would not render the judgment void. It might be error, but it could not be set up in a collateral proceeding.

2. SAME. *Same. Presumption in favor of judgment below. Where papers are lost.* Every presumption is indulged in favor of the validity of the judgment of a court of general jurisdiction, and where the papers in a case are all lost, and the record states the judgment was taken by default without a jury, the court will presume it was a case where such would have been the proper proceeding, and such judgment could not be attacked in a collateral proceeding, such as a suit to revive.

3. SAME. *Same. How judgment must be revived.* A judgment cannot be revived upon the motion of the plaintiff alone, but is in the nature of a new suit, and should be upon *scire facias* or an appearance and waiver of the writ.

4. SAME. *Same. Statute of limitations.* Although the attempted revivor of 1853 was illegal, still the original judgment might be revived on proof that it was not barred by the statute of limitations.

5. SAME. *Cause tried without a jury. Will not be reversed for admission of erroneous testimony. When.* A cause tried without a jury will not be reversed for admission of erroneous testimony, where there is evidence enough in the record to sustain the judgment.

Fogg *v.* Gibbs.

6. SAME. *Proceeding by scire facias to revive after twenty years. Supreme court.* A proceeding by *scire facias* to revive judgment after twenty years requires affidavit, but if none is filed, and no objection is taken below, defendant will not be heard to make objections in the Supreme Court.

FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAX-TER, Judge.

JNO. C. and JNO. M. GAUT for plaintiff.

RICE & THOMPSON for defendant.

MCFARLAND, J., delivered the opinion of the court.

This record presents two causes that were, by consent, heard together without the intervention of a jury.

The suits were commenced by *scire facias* to revive two judgments, both awarded by the order of the court, and issued the 20th of September, 1871. The first, in substance, avers that judgment was rendered by the the Circuit Court of Davidson county on the 10th of September, 1838, in favor of Henry Dickinson against G. W. Gibbs for $1,809.65 and costs; that on the — day of ———, 1853, the judgment was revived in favor of G. M. Fogg, administrator of Dickinson's estate, he having died; that the defendant, G. W. Gibbs, had died in 1870, and that Chas. N. Gibbs is the executor of his will. The other *scire facias* only differs in this, that it avers the rendition of another judgment in favor of Dickinson against Gibbs for $1,817.13 and costs on the 16th of Febru-

30—VOL. 8.

ary, 1839, and a similar revivor in favor of G. M. Fogg, administrator. In both causes the defendant pleaded: First, *nil tiel* record; second, the statute of limitations of ten years; third, accord and satisfaction; fourth, payment; and fifth, *nil debit.*

Upon the trial the issues were found for the plaintiff, and the judgments revived for the balance ascertained to be due in the first cause and for the full amount in the second case. The defendant has appealed.

In the first case the averments of the *scire facias* as to the rendition of the judgment in 1838 were sustained by the record. The first objection taken in this court to the record is, that it shows a summons and declaration, and a jury who tried the cause, but the record does not show that there was a plea, and it is argued that the judgment is therefore void. This objection is wholly unfounded. It fully appears that the court had jurisdiction, and the judgment is certainly not void, though it may have been erroneous. According to no well considered authority could this judgment be considered void when brought in review collaterally, and this is in the nature of a collateral attack. See Smith's Leading Cases, vol. 1, pp. 1 and 2; Lill., p. 840 *et seq.*

It is not objected that the judgment of the 16th of February, 1839, upon which the second *scire facias* was issued, is void because it was a judgment by default without the intervention of a jury. And as the papers are lost it does not appear whether the suit was founded upon any written evidence, so that the

Fogg *v.* Gibbs.

court could render final judgment without a jury.    The judgments were rendered by the circuit court, which was a court of superior and general jurisdiction, proceeding according to the course of the common law, and if we concede that it had jurisdiction of the person of the defendant, it is very clear that the judgment is not void, as every presumption in such cases is made in favor of the validity of the judgment.

As to the second case a more serious objection perhaps arises from the fact that the record showing the service of process upon the defendant, or other grounds of personal jurisdiction, is not produced.    Nor is it shown specifically that such record ever existed. There is proof that the court-house was burned in the year 1856, and a great many papers destroyed.    There is no other evidence supplying the missing record. We have only the entry upon the minutes of the court which shows a judgment by default against the defendant for the plaintiff's debt and costs.    But it is said that even in a case of this sort, when the judgment is brought collaterally into review, the court being one of superior and general jurisdiction, it will be presumed to have taken the necessary steps to acquire jurisdiction over the parties if nothing else appears.    See Smith's Leading Cases, vol. 1, p. 12; 7 Am. Ed., p. 1126, and authorities there cited. And Mr. Greenleaf lays it down that the presumption will be made after twenty years in favor of every judicial tribunal acting within its jurisdiction, that all persons concerned had due notice of its proceedings. See 1 Greenleaf Ev., sec. 19.    Here we have not

only the lapse of time, but the fact that the court-house and many papers were destroyed after the judgment was rendered.

If the judgment of revivor of 1853 be effectual as a new judgment, then we could not go behind it to enquire into the validity of the original judgment upon which it was rendered, any more than we could enquire into the evidence upon which a judgment was founded when attacked collaterally. But it is urged that the judgment of revivor is not valid. The judgment of revivor of 1853, taken alone, is certainly defective and indefinite. A judgment cannot be revived against a defendant by motion of the plaintiff alone. It is essentially different from a motion to revive a pending cause. It is in the nature of a new suit to recover upon the former judgment. And such judgment of revivor ought to be on *scire facias*, or upon appearance of the defendant and waiver of *scire facias*, and should set forth definitely the date and amount of the judgment revived, or be otherwise so definite as to render it of itself valid and complete. And as we have intimated, the judgment of revivor in this case is not of itself so valid and complete, but while it is defective, we are of opinion that if the original judgment be valid, the present plaintiff is now entitled to a revivor, being administrator of the deceased plaintiff, not only in his own favor, but against the representative of the deceased defendant, if there be no other valid defense.

We hold upon the authorities and for the reasons before stated that the original judgments in both cases

have been established by the record and are valid, and the defective revivor in favor of the plaintiff in 1853 may now be remedied by the proper judgments, if there be no further objection.

Upon the defense of the statute of limitations and lapse of time it was proven by F. B. Fogg, a disinterested and competent witness, that in 1869 G. W. Gibbs, in a conversation with the plaintiff, G. M. Fogg, said that he had not forgotten the Henry Dickinson judgments, and that he would soon pay them. This promise is proven with great distinctness without regard to the testimony of G. M. Fogg, who, it is argued, is an incompetent witness. This cause having been tried without a jury, we do not reverse for erroneous testimony admitted, but will affirm the judgment if the record contains legal testimony sufficient to support it. The promise of Gibbs must fairly be taken to refer to the judgments in question as none others are shown to exist.

As to the objection that the present *scire facias* was issued without affidavits after the lapse of twenty years, it may be said that objections of this character if valid might have been cured by amendment if objection had been taken by demurrer or otherwise *in limine*, but cannot be now for the first time assigned as error.

Upon the whole we find no error and affirm the judgment.